Mr. Justice’MILLER,
dissenting.
The doctrine of estoppel by a former judgment between the same parties is one of the most beneficial principles of. our jurisprudence, and- has been less affected by legislation *106 than almost any other. But its effect.is to prevent any further inquiry into the merits of the controversy., Hence, with all the. salutary influence which it exerts in giving permanence to■■ established rights, in putting an end to angry contests, and preserving tranquillity in society, it can only be justified on the ground that the precise point, either of law or of fact, which is presented in the suit where tlie estoppel is pleaded.) had been, previously decided between the same ' parties or their privies, by a court of'Competent jurisdiction. The principle is equally available and potent whether it is set up by a defendant as an answer to a cause'of action, or by a plaintiff to prevent the same defence being, used in the second suit that was decided against ip the first. In the former case, it must appear that the cause of action in the second suit was the same that it was in. the first suit, or depended on precisely the same facts. In the latter case it must appear th^t the defence set up in the second suit was the same defence, or in other words, consisted of the same facts or points ■of law as that which was passed upon in the first suit.
It is true that some of the earlier cases speak as if everything which might have been decided in the first suit must be. considered concluded by that shit. But this is not,the doctrinó of the courts of the present day, apd no court has given more emphatic expression to the módern ruló than this. That rule is, that when a former judgment is relied on, it must appear from the record that the,point in controversy was necessarily decided in the former suit, or be made to appear by extrinsic proof that it was in fact decided. This is expressly ruled no less than three, times within the' last eight .years by this court,, to Wit: in the Steam Packet Co. v. Sickles,* Same v. Same,† Miles v. Caldwell.‡ The principle asserted in these decisions is supported by an array of authority which I will pot stop to insert here, but which may be'found well digested and xar ranged in the notes of Hare' and "Wallace to the Duchess of Kingston’s Case.§
The opinion .just read asserts a different rule', and insists *107 that whatever might have , been fairly within the scope, of the pleadings in'the former suit, must be held, as concluded-by the judgment.
In the case before us, the second plea clearly and ■ distinctly avers that the bonds, which are the foundation of plaintiffs’- action, were issued without any,good or valuable con-1' sideration, and that this fact was known to the plaintiffs when they received them. I have examined in vain all the' pleas filed by defendants in the former suit to discover any plea which set up this defence, or which raised such'an issue that the. want of. consideration must have been passed upon in'deciding the case. Nor can I discover any plea under which it might have been decided. Here, then, is a distinct, substantial defence to the bonds sued on, sufficient to defeat 'the action, which was never presented to the court in the. former action, and therefore, never decided; and I am of opinion that the former suit did not conclude defendants’ right to have this matter inquired into in this action.

 24 Howard, 333.

 5 Wallace, 580.

 2 Id. 35.

 2 Smith’s Leading Cases, from page 791 to the end of the volume.